**In the Interest of: E. A. F., a Female Juvenile, 15 yrs. of age, Appellant,**

**v.**

**Raymond J. GRUSH, Juvenile Officer, 11th Judicial Circuit, Respondent.**

**No. 45033.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 17, 1982.

Lester W. Duggan, Jr., St. Peters, for appellant.

A. John DeVouton, St. Charles, for respondent.

799 (Mo.App.1981); *State v. Dennis,* 622 S.W.2d 404 (Mo.App.1981); and *State v. Buckner,* 620 S.W.2d 410 (Mo.App.1981).

REINHARD, Presiding Judge.

This appeal is from a judgment of the juvenile court which found the juvenile was in need of protection under § 211.031 RSMo. 1978 by virtue of having committed the offense of stealing a pack of hair ribbons from the Kroger Company. In its disposition order, the court placed the juvenile in the care and custody of her parents. Juvenile appeals, we affirm.

The juvenile first contends that the trial court erred in entering a judgment and disposition because the juvenile officer was represented at the hearing by an assistant prosecuting attorney. The basis for juvenile's claim is that such representation is repugnant to the juvenile act.

Section 211.411.1 RSMo. Supp. 1981 provides that a prosecuting attorney's duty is to give "such aid and cooperation as may not be inconsistent with the duties of their offices." Rule 119.03 (adopted December 9, 1975, effective August 1, 1976) provides that if the juvenile officer has no court appointed counsel, the court shall "designate counsel, who may be the prosecuting attorney or his assistant." The comments to Rule 119.03 state:

> With the increased representation of juveniles by counsel, it is evident that some provision is necessary whereby the juvenile officer may have counsel to elicit the evidence in support of the petition. Juvenile courts may retain counsel as a part of the juvenile court staff authorized under Section 211.351.1 RSMo. Compare *Mashak v. Poelker,* 367 S.W.2d 625 (Mo. en banc 1963), which found authority in Section 211.161.3 for the appointment of an administrative assistant to the juvenile court. However, in less populous circuits where contested cases may not frequently arise, the cost of retained counsel may not be justified. Accordingly, this Rule provides for the designation of the prosecuting attorney or his assistant under the authority of Section 211.411.1 RSMo:

> . . . .

■ Juvenile, in support of her position, relies on a line of cases which indicate that the simultaneous exercise of the offices of the prosecuting attorney and juvenile officer is repugnant to the intent and purpose of the juvenile act. *In re F. C.,* 484 S.W.2d 21 (Mo.App.1972); *State v. Taylor,* 323 S.W.2d 534 (Mo.App.1959). These cases pre-date the adoption of Rule 119.03. The law in Missouri clearly permits the prosecuting attorney to represent a juvenile officer, therefore, juvenile is entitled to no relief on this point.

■ Our review of the petition finds it to be sufficient. Juvenile also challenges the sufficiency of the evidence. In a juvenile proceeding, due process requires the standard of proof to be beyond a reasonable doubt in the adjudicatory stage when a juvenile is charged with an act that would constitute a crime if committed by an adult. *In re Winship,* 397 U.S. 358, 367, 90 S.Ct. 1068, 1074, 25 L.Ed.2d 368 (1970). The record here reflects such proof.

The judgment is affirmed.

SNYDER and CRIST, JJ., concur.